**CHICAGO, MILWAUKEE, ST. PAUL AND PACIFIC RAILROAD COMPANY, Plaintiff,**

v.

**Leonard E. TINDAL, d/b/a Tindal Seed and Fertilizer Company, Defendant.**

**Civ. No. 3–656–D.**

United States District Court
S. D. Iowa,
Davenport Division.
Jan. 6, 1966.

Randy Duncan, Des Moines, Iowa, and Robert A. Van Vooren, Davenport, Iowa, for plaintiff.

Everett Meeker, Iowa City, Iowa, for defendant.

STEPHENSON, Chief Judge.

Plaintiff, Chicago, Milwaukee, St. Paul and Pacific Railroad Company, a Wisconsin Corporation, with its principal place of business in Illinois, brought this action for damages arising as a result of a fire which destroyed plaintiff's freight depot at Washington, Iowa. Defendant, Leonard E. Tindal, doing business as Tindal Seed and Fertilizer Company, is a citizen of Iowa. Jurisdiction is based on diversity. The case was tried to the Court without a jury.

On April 10, 1964, a fire destroyed plaintiff's freight depot. Although the walls remained standing after the fire, the frame building had no practical value after the fire and it was later destroyed and the building site restored to ground level. At the time of the fire defendant was in possession of the premises by virtue of a lease with plaintiff.[1] Defendant utilized the building for the storage of fertilizer and at the time in question its employees had been engaged in loading out fertilizer from the building. The fertilizer was in fifty (50) pound bags which were emptied into the buyer's spreader at the site. The empty paper bags were then placed in a pile on the ground approximately twenty-five to thirty feet southeast from the southeast part of the freight depot where an employee then set them afire. The fire was commenced shortly after 11:00 a. m. Several employees were in the vicinity of the building and fire at that time. About an hour later the employee who set the fire checked to see if it was out before leaving for lunch. He was the last to leave. He checked the fire by stirring the ashes with a stick. There was no flame or blaze but some smoke and a little smudge was visible when he left. A fairly strong wind was blowing from the southeast at the time. The building and surrounding vegetation was dry. Within less than an hour the freight depot was discovered to be on fire. It appeared to have started in the southeast part of the building.

Plaintiff claims defendant through its employees was negligent in leaving the building and premises without ascertaining that the fire was definitely out. Plaintiff also claims negli-

1. The building was leased in 1955 to John Patterson and Son and in 1958 the lease was assigned to defendant.

gence under the doctrine of res ipsa loquitur. Defendant denies it was negligent and contends the fire was of unknown origin. The Court finds that plaintiff has established by the weight of the evidence that the fire to its building originated with the fire commenced by defendant's employees. The Court further finds that defendant's employees were negligent in failing to take ordinary care in ascertaining that the fire was out before leaving the premises. Said negligence was the proximate cause of the damage to plaintiff's building. In view of this finding of specific negligence, the issue of negligence under the doctrine of res ipsa loquitur will not be considered.

This leaves the issue of damages. Plaintiff contended the building destroyed had no market value and therefore offered evidence as to its replacement cost less depreciation. Plaintiff also asks the Court to consider that the property was income producing property not only as to the rent received, but because of the increased freight revenue accruing to plaintiff because of its use in the fertilizer business. Defendant contends the proper measure of damages is the difference in the fair market value of the property before and after the fire. In this connection defendant offered the testimony of two experts that this value was nominal, if any. Defendant further asks the Court to consider that the evidence indicates a very limited use for a building of this type and thus the value is slight.

■■ The Court finds the property in question had little market value, if any. Under these circumstances the actual value of the premises is the measure of recovery. McMahon v. City of Dubuque, 107 Iowa 62, 77 N.W. 517 (1898). Actual value can best be determined by considering the replacement cost less depreciation, taking into consideration the age, condition, utility and use to which the building is being put or can be reasonably used. Its value as income producing property should also be considered.

The freight depot is of heavy frame construction. It was originally built in 1903. It has been kept in a reasonable state of repair through annual, periodic inspections and repairs. About six to seven years before the fire a new roof and major foundation repairs were made to the building. It was in fair condition as a storage facility. It had not been painted for several years and windows were boarded up. There were no utilities provided to the building. The floors had developed cracks. The dimensions of the frame building were thirty feet by eighty feet. In addition there was a loading dock eight feet by eighty feet. In summary, the building was old but durable for storage purposes. It was not suitable for other than rough storage. It was not rodent tight. The building was being used for storing fertilizer in bags. It was suitable for that purpose. Defendant paid plaintiff an annual rental of $284.00 for use of the building. In addition, use of the building for storage purposes increased the freight revenue coming to plaintiff railroad.

On the basis of replacement at a cost of approximately twenty thousand dollars ($20,000) less depreciation of at least sixty percent, the building had a value of about eight thousand dollars ($8,000). However, the limited use to which the building was or could be put reduced its value materially.

■ The Court finds that the actual value of the building at the time it was destroyed was three thousand dollars ($3,000). The reasonable cost of restoring the site and clearing the rubble was one hundred dollars ($100).

The foregoing shall constitute the Court's findings of fact and conclusions of law. Judgment will enter in favor of the plaintiff and against the defendant in the sum of $3,100.